John A. Alice, Esquire (I.D. 5381)
28 Cooper Street
Woodbury, N.J. 08096
Telephone:  (856) 845-7222
Facsimile:  (856) 845-3646
Attorney for Plaintiffs,
Bluewire Media, LLC
And Steven Acito

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BLUEWIRE MEDIA, LLC<br><br>And<br><br>STEVEN ACITO<br><br>*Plaintiffs*<br><br>v.<br><br>GLOUCESTER COUNTY<br>REPUBLICAN COMMITTEE<br><br>And<br><br>GOP VICTORY 2011<br><br>And<br><br>MARK CIMINO<br><br>And<br><br>JOHN DOES 1 THROUGH 10<br><br>*Defendants* | Civil Action No.   33-1<br><br>**COMPLAINT FOR COPYRIGHT**<br>**INFRINGEMENT**<br>**and INTERFERENCE**<br>**WITH ECONOMIC ADVANTAGE**<br><br>**JURY TRIAL DEMANDED** |

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. §§ 1331 and 1338(a).

1

2. This Court has personal jurisdiction over all the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here. Plaintiffs hereby demand trial by jury of all issues.

## THE PARTIES

3. Plaintiff, Bluewire Media, LLC (Bluewire) is a limited liability corporation with its principal place of business at 432 Kelly Drive, Suite C, West Berlin, New Jersey. Bluewire, among other things, develops television, radio, print, informational and advertising pieces for its clients.

4. Plaintiff, Steven Acito (Acito) is an individual having a principal place of business at 432 Kelly Drive, Suite C, West Berlin, New Jersey. Acito, among other things, develops television, radio, print, informational and advertising pieces for its clients.

5. On information and belief, defendant Gloucester County Republican Committee is a business of unknown legal form with its principal place of business in Woodbury, New Jersey, and a mailing address of 664 Mantua Pike, Woodbury, New Jersey 08096. On information and belief, Gloucester County Republican Committee is engaged in the business of promoting candidates associated with the Republican Party. On information and belief, GOP Victory 2011 is engaged in the business of promoting candidates associated with the Republican Party. On information and belief, defendant Gloucester County Republican Committee owned and/or controlled, and continues to own and/or control, GOP Victory 2011.

6. On information and belief, defendant GOP Victory 2011 is a business of unknown legal form with its principal place of business in Woodbury, New Jersey, and a mailing address of c/o Mark Cimino, 10 North Marion Avenue, Wenonah, New Jersey 08090.

7. On information and belief, defendant Mark Cimino ("Cimino") is an individual having a mailing address of 10 North Marion Avenue, Wenonah, New Jersey 08090, and at all times relevant to this action, has owned and/or controlled, and continues to own and/or control, GOP Victory 2011. Further, on information and belief, defendant Cimino paid for the GOP Victory 2011 television commercial containing the appropriated Bluewire property to air on the Comcast Cable Company.

8. The true names and capacities, whether individual, corporate, or otherwise, of the Defendants sued as Does 1 through 10 are unknown to Plaintiffs, who, therefore, sue them by such fictitious names. At such time as their true names and capacities have been ascertained, Plaintiff will seek leave of Court to amend this Complaint accordingly. On information and belief, Plaintiff alleges that each of Does 1 through 10 was the agent, representative, or employee of each of the other Defendants and was acting at all times within the scope of his/her agency or representative capacity, with the knowledge and consent of the other Defendants, and that each of Does 1 through 10 are liable to the Plaintiff in connection with one or more of the claims sued upon here and are responsible in some manner for the wrongful acts and conduct alleged here.

## CLAIM FOR RELIEF
### Count One
### Federal Copyright Infringement

9. Plaintiffs incorporate by reference all the allegations of paragraphs 1 through 8, inclusive, as though set forth herein at length.

10. The Plaintiffs are well regarded producers of television, radio, print, informational and advertising pieces for its clients. The Plaintiffs spend substantial amounts of time, money, and effort creating, editing, and distributing their copyrighted products.

11. Plaintiffs create advertising, promotional campaigns and political spots for sale to their clients to be used in print, on the radio, for television viewing or targeted video. Plaintiffs' business and profitability depends on plaintiffs' ability to control who may utilize their work product created expressly for the use of their clients. Further, unauthorized use of their work product may dilute the integrity and value of the work product or worse yet cast the work product or client in a poor light.

12. Plaintiffs were engaged in 2010 to create a promotional television advertisement for Heather Simmons and Robert Zimmerman who at that time were running for the office of Freeholder in the County of Gloucester, State of New Jersey. The advertisement was created for the express use of the Simmons and Zimmerman campaign.

13. Plaintiffs own the video footage, the master tape of the video footage with the Simmons and Zimmerman campaign purchasing the finished advertisement. Simmons and Zimmerman own the finished advertisement along with plaintiffs. No party other than plaintiffs, Heather Simmons and Robert Zimmerman or their designee has been granted permission to use in any manner the copyrighted material created by plaintiffs for Simmons and Zimmerman.

14. At no time has ownership of the aforementioned advertisement and video footage been sold to another party or authorization given to another party to use said advertisement, any component of it, or any of the video footage.

15. During October and November, 2011 in advance of the 2011 Gloucester County Freeholder election, the work product of plaintiffs was used without permission or authorization in a political advertisement for Capelli, Heritage and Pantaleo for Freeholder. The unauthorized use of the plaintiffs' footage was utilized to cast Heather Simmons, who was also a candidate in the Freeholder election, in a disparaging light.

16. The commercial in which the plaintiffs' footage was shown was identified as having been created and/or endorsed by "GOP Victory 2011" with an address of "P.O Box 503, Woodbury, New Jersey" which is the address of defendant, Gloucester County Republican Committee.

17. The plaintiffs viewed the misappropriated footage numerous times on YouTube.com, an internet website titled "NOBIDHEATHER.COM" as well as on the Comcast Cable system.

18. The plaintiffs contacted Comcast, a well-known cable company that provides television programing and other services for a fee and was informed that the Capelli, Heritage and Pantaleo for Freeholder commercial with the misappropriated footage was paid for by defendant Mark Cimino.

19. The plaintiffs sent a letter to defendant Mark Cimino on November 2, 2011 and to defendant Gloucester County Republican Committee on November 4, 2011 informing them on the unauthorized use of plaintiffs' property with instructions to immediately cease and desist from using said materials. Instead, after receipt of the letter, plaintiffs' copyrighted material was shown repeatedly on the aforementioned sites and possibly on other sites yet unknown to

plaintiffs. Defendants' conduct has been in willful violation of plaintiffs' warning to defendants that plaintiffs do not want its copyrighted material used by defendants and that defendants' conduct is unauthorized.

20. For their own profit and advantage, defendants have misappropriated the plaintiffs' copyrighted material.

21. What defendants gain by appropriating plaintiffs' copyrighted material is to diminish the value of plaintiff's business and advertising opportunities.

22. Defendants' conduct violates the exclusive rights belonging to plaintiffs as owners of the said copyrighted material as hereinbefore indicated, including without limitation Plaintiffs' rights under 17 U.S.C. § 106.

23. On information and belief, plaintiffs allege that, as a direct and proximate result of their wrongful conduct, defendants have realized and continue to realize profits and other benefits rightfully belonging to plaintiffs. Accordingly, plaintiffs seek an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

24. Defendants' infringing conduct has also caused and is causing substantial and irreparable injury and damage to plaintiffs in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the plaintiffs with no adequate remedy at law.

25. On information and belief, defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of the plaintiffs. Plaintiffs are, therefore, entitled to the maximum statutory damages allowable.

## Count Two
### Interference with Prospective Economic Advantage

26. Plaintiffs incorporate by reference all the allegations of paragraphs 1 through 25, inclusive, as though set forth herein at length.

27. Plaintiffs' business, inter alia, involves the production of advertising and promotional campaigns for Democratic Party political candidates for public office. As a direct and proximate result of the wrongful acts of the defendants in misappropriating the plaintiffs' property, the plaintiffs have suffered and continue to suffer a diminution in earnings and earnings capacity.

28. The misappropriation of plaintiffs' property for use by Republican Party political candidates has resulted in plaintiffs' reputation and business being damaged in appearing to act in furtherance of Republican Party candidates. The acts of the defendants have resulted in a loss in earnings and earnings capacity to the great financial detriment and harm of the plaintiffs.

## Count Three
### Punitive Damages

29. Plaintiffs incorporate by reference all the allegations of paragraphs 1 through 28, inclusive, as though set forth herein at length.

30. The acts of the defendants as hereinbefore stated have injured the plaintiffs' causing loss of property, damage to reputation, and loss of business opportunities all to plaintiffs' detriment and harm. Some or all of the acts committed by the defendants entitle the plaintiffs' to injunctive relief, money damages, and punitive damages. Accordingly, plaintiffs hereby demand punitive damages.

## Prayer for Relief

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

A. Declaring that Defendants' unauthorized conduct violates Plaintiffs' rights under common law and the Federal Copyright Act;

B. Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing any of Plaintiffs' copyrighted material without consent or otherwise infringing Plaintiffs' copyrights or other rights in any manner;

C. Ordering Defendants to account to Plaintiffs for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiffs' copyrights or such damages as are proper, and since Defendants intentionally infringed plaintiffs' copyrights, for the maximum allowable statutory damages for each violation;

D. Awarding Plaintiffs actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

E. Awarding Plaintiffs actual, statutory and/or punitive damages for Defendants interference with Plaintiffs' economic advantage;

F. Awarding Plaintiffs its costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. §505; and

G. Awarding Plaintiffs such other and further relief as is just and proper.


Dated:   June 12, 2013                                   _____
                                                         John A. Alice
                                                         Attorneys for Plaintiffs,
                                                         Bluewire Media, LLC and Steven Acito